McKinney, J.,
delivered the opinion of the court.
A bill of indictment was preferred against the defendant in the circuit court of Campbell, for an assault with intent to commit murder in the first degree, under the 52d section of the penal code. The indictment contained but a single count. The finding of the grand jury on said bill of indictment was as follows: “A true bill as to the assault and battery, not a true bill as to the felonious intent.”
Upon this ground, the defendant by his counsel moved the court to quash the indictment; and on argument the motion was sustained, the indictment quashed, and the defendant discharged. The attorney general appealed in error to this court.
The circuit court did not err in quashing the indictment. All the authorities concur, that the grand jury cannot find part of an entire count true, and another part false, as in some instances a petit jury may; but must either maintain, or reject the entire count. Where there are separate distinct counts in the indictment, the rule is otherwise, and the grand jury may find a “true bill” as to one count, and “not a true bill” as to another. So an indictment against several persons may be found against one or more, and rejected as to the rest, and this although there be but a single count.
It seems, that on an indictment for murder, the grand jury *603 cannot find a true bill for manslaughter; such finding would be invalid, and might be quashed on motion. Chitty’s Cr. L. vol. 2, 492, (Riley’s Ed.)
And it seems very questionable whether such finding would be good, even after the words “of malice aforethought,” and “did murder,” were struck out.. The safe and proper course is to prefer a new indictment. 1 Chitty’s Cr. L. 264-265. 1 Russell on Cr. 312. Arch. Cr. PL 66.
Upon the trial of a defendant charged, as in the present case, with an assault with intent to commit murder in the first degree, he maybe found guilty, by the petit jury, of an assault, or assault and battery, but not guilty of the felonious intent charged. But this is by force of the act of 1832, ch. 22.
Judgment affirmed.